## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 31, 2014          D-36-14
_____

In the Matter of ANTHONY P.
   CALISI, an Attorney.

COMMITTEE ON PROFESSIONAL
   STANDARDS,
                 Petitioner;          MEMORANDUM AND ORDER

ANTHONY P. CALISI,
                 Respondent.

(Attorney Registration No. 2607299)
_____


Calendar Date:  June 30, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ.


_____


     Monica A. Duffy, Committee on Professional Standards, Albany (Alison M. Coan of counsel), for petitioner.

     Anthony P. Calisi, Phoenix, Arizona, respondent pro se.


_____


Per Curiam.

     Respondent was admitted by this Court in 1994.  He was previously admitted to practice in Texas in 1978, where he maintained an office for the practice of law.

     By order dated February 15, 2012, the Supreme Court of Texas accepted respondent's voluntary resignation of his law license in lieu of discipline and removed his name from the roll of persons entitled to practice law in Texas.  In its order, the court specifically deemed to be established pending disciplinary charges against respondent alleging neglect, failure to

communicate with clients and failure to cooperate in the disciplinary process. Significantly, it is undisputed that respondent abandoned the practice of law in Texas to the serious detriment of the clients named in the disciplinary charges.

Petitioner moves for an order imposing discipline pursuant to this Court's rules (see 22 NYCRR 806.19). Respondent states in reply that he is not contesting petitioner's motion and has no intention of ever practicing law again.

Respondent's Texas resignation was tantamount to a disciplinary resignation pursuant to this Court's rules (see 22 NYCRR 806.8; see also Matter of Goodhart, 56 AD3d 889, 890 [2008]). We, therefore, grant petitioner's motion and further conclude that, under the circumstances presented and in the interest of justice, respondent should be disbarred in this state (see Matter of Rothenberg, 116 AD3d 1334 [2014]).[1]

Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.

ORDERED that petitioner's motion is granted; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

---

[1] We additionally note that respondent is delinquent in his attorney registration requirements in this state (see Judiciary Law § 468-a).

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court